UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

EDGAR PATTON                                                                                         PLAINTIFF

v.                                                              CIVIL ACTION NO. 3:13-cv-485-DPJ-FKB

PHIL BRYANT, et al                                                                             DEFENDANTS

ORDER

This *pro se* prisoner case is before the Court on the State Defendants' motion to dismiss [15], the State Defendants' motion to strike [29], and the County Defendants' motion to dismiss [26]. Plaintiff Edgar Patton was incarcerated with the Mississippi Department of Corrections (MDOC) when he filed his complaint and is now on parole. He filed this action for damages and injunctive relief, challenging his conviction and his sentence. The Court has considered and liberally construed the pleadings. As set forth below, all claims against the moving defendants are dismissed.

I.      Background

This matter emanates from Patton's 2009 decision to represent two criminal defendants in state court though Patton was not a licensed attorney. Patton was arrested in November 2009 and appeared before Winston County Justice Court Judge Mike Fuller for an initial appearance. During that hearing, the Court informed Patton of the charges against him: practicing law without a license (a misdemeanor offense) and fraudulent use of identity (a felony). Bail was set at $50,000 to cover all charges. Patton posted bond after this initial appearance and again posted a like bond after a January 2010 preliminary hearing. The matter was later bound over to the grand jury which returned an indictment for one count of violating Mississippi Code Section 97-19-39 (obtaining valuable thing with intent to defraud), and four counts of violating Mississippi

Code Section 97-19-85 (fraudulent use of identifying information to obtain a thing of value). At Patton's request, he was allowed to represent himself at trial though the court appointed standby counsel. A jury convicted Patton, and he was sentenced to five years and five days imprisonment. The Mississippi Supreme Court affirmed the conviction and sentence.

In this civil action, Patton has apparently sued everyone who had any involvement in his criminal case—and some who had none—including judges, prosecutors, law-enforcement officials, executive-branch officers, a defense attorney, and a deputy clerk. He contends that his arrest and conviction were unconstitutional and seeks monetary damages under 42 U.S.C. § 1983 plus a declaratory judgment invalidating his conviction. He also challenges his sentence, alleging that MDOC did not credit him for time served, and seeks release from prison.[1] The State Defendants[2] and the County Defendants[3] separately move for dismissal of all claims under Rule 12(b)(6).[4]

---

[1] Patton is on parole as of September 23, 2013.

[2] The State Defendants are Governor Phil Bryant, Attorney General Jim Hood, Chief Justice William L. Waller, Circuit Judges Joseph E. Loper and Clarence E. Morgan, Retired Circuit Judge Frank G. Voller, MDOC Commissioner Christopher Epps, District Attorneys (DAs) Forrest Allgood and Doug Evans, and Assistant District Attorneys (ADAs) Michael Howie and Morris Sweat.

[3] The County Defendants are Randal Thomas, Winston County Sheriff; Austin Vollor, a lawyer appointed to represent Patton; Kimberly Ming, Circuit Court Clerk of Winston County; Carolyn Moore, Winston County Prosecutor; and Justice Court Judge Michael Fuller.

[4] Patton also sues three unidentified U.S. Marshals who allegedly arrested him and stole his money.

II.     Analysis

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (citing *Twombly*, 550 U.S. at 556).

A.     The *Heck* Doctrine

Patton's claims against all named defendants are due for dismissal because they are based on the validity of his conviction or sentence as prescribed by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). "*Heck* specifies that a prisoner cannot use § 1983 to obtain damages where

success would necessarily imply the unlawfulness of a (not previously invalidated) conviction or sentence." *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005). In such a case, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486–87. *Heck* applies even after a plaintiff has been released from prison. *Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000).

In this case, Patton's claims against the moving defendants would necessarily imply the invalidity of his state-court convictions, as further reflected by his prayer for declaratory judgment invalidating those convictions. Yet he has not pleaded that his convictions have been invalidated in any way. Patton never acknowledges *Heck* in his responses to the Defendants' motions, and the doctrine bars his claims in the instant suit.

For this reason, the § 1983 claims against all named Defendants are dismissed with prejudice for failure to state a claim, until such time as Patton successfully has the state-court convictions and sentences invalidated via appeal, post-conviction relief, habeas or otherwise. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996). This dismissal counts as a strike under 28 U.S.C. § 1915(g). *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).

B.   Immunity

Though all moving Defendants are entitled to dismissal under *Heck*, such a dismissal can be overcome if the conviction is subsequently invalidated. *Johnson*, 101 F.3d at 424. So various defendants have also sought dismissal with prejudice based on judicial immunity, prosecutorial

immunity, and qualified immunity. For the reasons that follow, the Court finds that these immunities apply.

       1.      Judicial Immunity

The claims against Chief Justice Waller and Judges Loper, Morgan, Voller, and Fuller are based on their alleged actions at various stages of Patton's criminal proceedings. According to Patton, judges issued an invalid "Order Appointing Special Judge," failed to timely set bond, failed to apply the law during appeal-bond proceedings, presided over the grand jury in violation of separation of powers, conspired to set excessive bail, tampered with the grand jury, and back-dated documents related to the criminal trial.

A judge enjoys absolute immunity from a civil action when acting within his judicial capacity. *Hulsey v. Owens*, 63 F.3d 354, 356 (5th Cir. 1995). "Absolute immunity is immunity from suit rather than simply a defense against liability, and is a threshold question 'to be resolved as early in the proceedings as possible.'" *Id.* (quoting *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994)). Judicial immunity can be overcome only by a showing that the actions complained of were non-judicial in nature, or by showing that the actions were taken in the absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

The Fifth Circuit announced a four factor test to determine whether a judge acted within the scope of his judicial capacity. *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005). The four factors are:

> (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity.

*Id.*

Applying these four factors to Patton's claims, as alleged in his Complaint, the Court finds that these judges are absolutely immune.  Making decisions as to bond and bail, presiding over the grand jury pursuant to Mississippi Code Section 13-7-7, signing documents related to the criminal trial, and appointing a special judge are all within the normal judicial function.  And the mere allegation that "the judge[s] acted pursuant to a conspiracy . . . is not sufficient to avoid absolute judicial immunity." *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991) (citing *Holloway v. Walker*, 765 F.2d 517, 522 (5th Cir. 1985)).  Furthermore, there is no indication that the actions alleged occurred outside the courtroom or chambers.  Finally, the controversy undisputedly centers around Patton's criminal case that was pending at various times before these judges.  Patton therefore cannot maintain an action against Defendants Waller, Loper, Morgan, Voller, and Fuller, and all such claims are dismissed with prejudice in addition to the *Heck* bar.

        2.        Prosecutorial Immunity

Attorney General Hood, DAs Allgood and Evans, ADAs Howie and Sweat, and County Prosecutor Carolyn Moore argue they are entitled to absolute prosecutorial immunity. Prosecutors enjoy absolute immunity from suit based on their actions "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Although prosecutorial immunity is absolute when applicable, not all acts qualify.  Thus, "the actions of a prosecutor are not absolutely immune merely because they are performed by a prosecutor." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) (citations and quotations omitted).

The Fifth Circuit has provided a framework for addressing claims of prosecutorial immunity.  The "first task is to define the conduct at issue . . . ." *Hoog–Watson v. Guadalupe*

*Cnty, Tex.*, 591 F.3d 431, 437 (5th Cir. 2009).  The "second task is to determine whether such conduct falls within the scope of . . . immunity."  *Id.* at 438.  This requires two additional steps with respect to the § 1983 claim:

> To determine the scope of a prosecutor's absolute immunity from § 1983 liability, we ignore formal labels of identity and ask (1) whether, at the time of § 1983's enactment, the practical function of the conduct at issue merited absolute immunity, and (2) whether, at present, absolute immunity for the conduct at issue is necessary to advance the policy interests that justified the common law immunity.  Under these principles, prosecutorial immunity extends to conduct that is "intimately associated with the judicial phase of the criminal process," but not to "those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings."

*Id.* (citing *Buckley*, 509 U.S. at 273; *Burns v. Reed*, 500 U.S. 478, 486 (1991); *Imbler*, 424 U.S. at 430) (other citations omitted).

Patton alleges the following conduct: conspiring to set bail so high that Patton could not make bail (though he did), conspiring to "get" Patton, signing an indictment without authority, tampering with the grand jury, producing a fraudulent grand-jury document, back-dating the order appointing a special prosecutor, and failing to take over the case when the DA's Office recused itself.  These actions—at least as described in the Amended Complaint—are "intimately associated with the judicial phase of the criminal process."  *See id.*  And Patton does not allege that they occurred outside the context of the hearings and trial associated with his criminal prosecution.  Defendants Hood, Allgood, Evans, Howie, Sweat, and Moore are therefore entitled to immunity from Patton's claims and all such claims are dismissed with prejudice in addition to the *Heck* bar.

3.      Qualified Immunity

Sheriff Randal Thomas and Circuit Clerk Kimberley Ming also assert the defense of qualified immunity.  Patton claims that these two defendants conspired to set excessive bail and to "get" Patton.  He further alleges that Thomas signed the affidavits related to his charges. "Qualified immunity protects government officials from money damages unless a plaintiff shows: (1) the official violated a statutory or constitutional right; and (2) the right was clearly established at the time of the challenged conduct."  *Khan v. Normand*, 683 F.3d 192, 194 (5th Cir. 2012) (citing *Ashcroft v. al-Kidd*, ⸺ U.S. ⸺, ⸺, 131 S. Ct. 2074, 2080 (2011)). "Even if an official's conduct violates a constitutional right, he is entitled to qualified immunity if the conduct was objectively reasonable."  *Salas v. Carpenter*, 980 F.2d 299, 310 (5th Cir. 1992) (citation omitted).

Patton's bail—which covered both misdemeanor and felony offenses—was set at $50,000, and he twice posted sufficient bond.  Defendants' alleged actions with respect to the bail were not objectively unreasonable, nor was the sheriff's decision to sign affidavits related to the criminal offenses for which Patton was later convicted.  Finally, Patton has not sufficiently shown how these defendants conspired to "get" him or how they violated a clearly established statutory or constitutional right.  Thomas and Ming are therefore entitled to qualified immunity, and the claims against them are dismissed with prejudice in addition to the *Heck* bar.

C.      Habeas

Construing Patton's *pro se* amended pleadings liberally, the Court finds that Patton is also making habeas claims under 28 U.S.C. § 2254 through which he asks the Court for accelerated

release.  It appears that Patton is alleging that MDOC miscalculated his sentence by not giving him credit for time served.

Before Patton can pursue habeas claims in this Court, he must exhaust his available state remedies.  28 U.S.C. § 2254(b)(1)(A).  This gives "the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights."  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)).  In order to exhaust his claims, he is required to seek relief from the highest court of the State.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 840 (1999).

Patton does not allege that he exhausted his state remedies with respect to the claim that his sentence has been miscalculated.  Though Patton appealed his conviction to the Mississippi Supreme Court, this claim did not arise until after that appeal, and it was therefore not presented.  The only other attempts at exhaustion Patton describes are the filing of two requests with the Administrative Review Program (ARP).  He does not allege that he completed the ARP process or that he appealed any ARP decision to the appropriate circuit court, so he has not exhausted his state remedies.  *See* Miss. Code Ann. § 47-5-807 ("Any offender who is aggrieved by an adverse decision rendered pursuant to any administrative review procedure . . . may, within thirty (30) days after receipt of the agency's final decision, seek judicial review of the decision."); *see also Davis v. Caskey*, No. 1:07-cv-1253–LG–RHW, 2008 WL 5117547, at *2 (S.D. Miss. Nov. 20, 2008) (dismissing § 2254 petition for failure to exhaust where petitioner alleging that MDOC did not give him credit for time served failed to complete the ARP process and did not seek review of the issue in state court).  In a May 2013 letter attached to his Amended Complaint, Patton does say that he filed a petition for habeas corpus with the Mississippi Supreme Court.  But it was

pending at the time of the letter, and Patton fails to indicate that the petition has since been heard. Because the habeas claims are unexhausted, they are dismissed without prejudice.

      F.      Motion to Strike

The State Defendants' also filed a motion to strike [29] Patton's rebuttal to the State Defendants' rebuttal. Patton's rebuttal [28] was filed without leave of the Court and therefore cannot be viewed as proper rebuttal. *See, e.g.*, *Tobias v. Price*, No. 3:06–cv–1361–M, 2009 WL 3681981, at *4 n.6 (N.D. Tex. Nov. 4, 2009) (striking unauthorized *pro se* sur-reply). The motion to strike is granted.

III.      Conclusion

Based on the foregoing, the State Defendants' motion to dismiss [15] and motion to strike [29] and the County Defendants' motion to dismiss [26] are granted. The § 1983 claims against all named Defendants are dismissed with prejudice. The § 2254 habeas claim based on the miscalculation of Patton's sentence is dismissed without prejudice for failure to exhaust. Patton's claim for violation of the Fourth Amendment against three unidentified U.S. Marshals who allegedly arrested Patton and stole his money remains.

**SO ORDERED AND ADJUDGED** this the 6th day of January, 2014.

                                                *s/ Daniel P. Jordan III*
                                                UNITED STATES DISTRICT JUDGE