UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

EDGAR PATTON                                                                                              PLAINTIFF

v.                                                                            CIVIL ACTION NO. 3:13-cv-485-DPJ-FKB

PHIL BRYANT, et al                                                                                    DEFENDANTS

ORDER

This *pro se* prisoner case is before the Court on Plaintiff Edgar Patton's Motion for Reconsideration or, in the Alternative, For Leave to Amend the Complaint [36] and *sua sponte* for consideration of dismissal of the remaining claims.  The Court has considered and liberally construed the pleadings.  As set forth below, Patton's motion is denied, and the remaining claims are dismissed.

I.        Background

This matter emanates from Patton's 2009 decision to represent two criminal defendants in state court though Patton was not a licensed attorney.  Patton was arrested in November 2009 and appeared before Winston County Justice Court Judge Mike Fuller for an initial appearance. During that hearing, the Court informed Patton of the charges against him:  practicing law without a license (a misdemeanor offense) and fraudulent use of identity (a felony).  Bail was set at $50,000 to cover all charges.  Patton posted bond after this initial appearance and again posted a like bond after a January 2010 preliminary hearing.  The matter was later bound over to the grand jury which returned an indictment for one count of violating Mississippi Code Section 97-19-39 (obtaining valuable thing with intent to defraud), and four counts of violating Mississippi Code Section 97-19-85 (fraudulent use of identifying information to obtain a thing of value).  At Patton's request, he was allowed to represent himself at trial though the court

appointed standby counsel. A jury convicted Patton, and he was sentenced to five years and five days imprisonment. The Mississippi Supreme Court affirmed the conviction and sentence.

In this civil action, Patton has apparently sued everyone who had any involvement in his criminal case—and some who had none—including judges, prosecutors, law-enforcement officials, executive-branch officers, a defense attorney, and a deputy clerk. He contends that his arrest and conviction were unconstitutional and seeks monetary damages under 42 U.S.C. § 1983 plus a declaratory judgment invalidating his conviction. He also challenges his sentence, alleging that MDOC did not credit him for time served, and seeks release from prison.[1] The Court granted the State Defendants'[2] and the County Defendants'[3] motions to dismiss the claims against them. Order [31] Jan. 6, 2014. Patton now seeks reconsideration of the dismissal [36]. The Court also ordered Patton to show cause why his claims against Three Unidentified U.S. Marshals should not be dismissed. Order [34] Jan. 7, 2014.

II.     Reconsideration

Rule 59(e) of the Federal Rules of Civil Procedure allows a court to alter or amend judgment. But reconsideration "is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). And "such a motion is not the

---

[1] Patton is on parole as of September 23, 2013.

[2] The State Defendants are Governor Phil Bryant, Attorney General Jim Hood, Chief Justice William L. Waller, Circuit Judges Joseph E. Loper and Clarence E. Morgan, Retired Circuit Judge Frank G. Voller, MDOC Commissioner Christopher Epps, District Attorneys (DAs) Forrest Allgood and Doug Evans, and Assistant District Attorneys (ADAs) Michael Howie and Morris Sweat.

[3] The County Defendants are Randal Thomas, Winston County Sheriff; Austin Vollor, a lawyer appointed to represent Patton; Kimberly Ming, Circuit Court Clerk of Winston County; Carolyn Moore, Winston County Prosecutor; and Justice Court Judge Michael Fuller.

proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id*. (citing *Simon v. U.S.*, 891 F.2d 1154, 1159 (5th Cir. 1990)).  Instead, "a motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003) (citations and quotations omitted).

To begin with, Patton fails to address the Court's finding that his claims should be dismissed as barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).  So even if the Court were to find merit in Patton's other arguments—which it does not—the Court's order of dismissal would still stand on the basis of *Heck*.

Even ignoring *Heck*, Patton's arguments fall short.  First, as to judicial immunity, Patton argues it does not apply because Defendants acted pursuant to a conspiracy—an argument that the Court has already rejected.  The mere allegation that "the judge[s] acted pursuant to a conspiracy . . . is not sufficient to avoid absolute judicial immunity." *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991) (citing *Holloway v. Walker*, 765 F.2d 517, 522 (5th Cir. 1985)).  Second, Patton tries to overcome prosecutorial immunity by alleging that Defendants "behaved as an investigator, rather than an advocate."  Pl.'s Mot. [36] at 4.  While prosecutorial immunity does not extend to "investigatory functions," *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993), Patton does not identify any investigatory actions taken by the prosecutors.  Instead, he only discusses conduct associated with the judicial phase of his prosecution, which is subject to immunity.  *See Hoog-Watson v. Guadalupe Cnty, Tex.*, 591 F.3d 431, 437 (5th Cir. 2009).

Finally, Patton's assertion that the Court's order striking his sur-rebuttal constitutes "newly available evidence" is nonsensical.

Patton has neither established a manifest error of law or fact nor presented newly discovered evidence that would entitle him to reconsideration of the dismissal of his claims. And Patton has presented no argument as to why the Court should reconsider its Order striking his sur-rebuttal, which he filed without leave of Court. To the extent Patton requests reconsideration, his motion is denied.

III.     Leave to Amend

Patton alternatively seeks leave to amend his complaint under Rule 15(a). "Rule 15(a) 'evinces a bias in favor of granting leave to amend' and 'severely restricts the judge's freedom.'" *Stearman v. City of Greenville, Tex.*, 16 F.3d 1215, 1994 WL 57612 at *3 (5th Cir. 1994) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)). But leave is not automatically granted. Valid reasons to deny leave include factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Shivangi v. Dean Witter Reynolds, Inc.*, 825 F.2d 885, 890 (5th Cir. 1987) (citations omitted). The court need not grant leave to file a futile amended complaint. *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 321 (5th Cir. 1991). An amendment is futile if the "amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Production Co., Inc.*, 234 F.3d 863, 873 (5th Cir. 2000) (citations omitted). Thus, to determine whether a proposed claim is futile, the Court applies "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.*

Patton argues that he can overcome the deficiencies in his claims identified in the Court's order of dismissal. Yet he has not submitted a proposed amended complaint, nor has he laid out facts in his motion that he would include in an amended complaint and would entitle him to relief. Patton already filed an amended complaint and two responses to the motions to dismiss, none of which state facts that would entitle Patton to relief. He also filed an unauthorized rebuttal, which, though stricken, does not contain facts that would entitle him to relief even if the Court had considered it. By arguing that *pro-se* pleadings should not be held to the same standard of technicalities as those drafted by lawyers, Patton seems to misapprehend the basis for this Court's dismissal. Patton's complaint was not dismissed based on technical deficiencies, but because none of his submissions to the Court, construed liberally, presented facts that would entitle him to relief in the face of *Heck* and the immunity defenses. Any amendment would therefore be futile, and Patton's motion for leave to amend is denied.

IV. Service

After dismissing the claims against the named defendants in this case, the Court ordered Patton to show cause why the remaining claims against Three Unidentified U.S. Marshals should not also be dismissed for lack of service. Order [34] Jan. 7, 2014. Patton sues the marshals in their individual capacities for violation of his Fourth Amendment rights. Under Federal Rule of Civil Procedure 4(i)(3), "To serve a United States officer or employee sued in an individual capacity, . . . a party must serve the United States and also serve the officer or employee . . . ." And to serve the United States, a party must:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought . . . or

>   (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office; [and]
>   . . .
>   (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.

Fed. R. Civ. P. 4(i)(1). Absent good cause, a defendant must be served "within 120 days after the complaint is filed." Fed. R. Civ. P. 4(m).

Rule 4 requires Patton to serve not only the U.S. Marshals he is suing but also the U.S. Attorney for the Southern District of Mississippi and the Attorney General of the United States. The only relevant certified-mail receipt he attached to his response shows that the complaint was mailed to the U.S. Marshal's Service. *See* Pl.'s Resp. [35] Ex. 5. His response does not indicate that he served either the U.S. Attorney for this district (or his office) or the Attorney General. *See* Pl.'s Resp. [35]. And Patton's argument that service was proper because an attorney filed pleadings on behalf of these Defendants is without merit as the attorney in question does not represent the unidentified U.S. Marshals for which service is an issue.[4] The 120-day period for service has expired, and Patton has not argued good cause for failure to serve. The claims against the Three Unidentified U.S. Marshals are therefore dismissed without prejudice.

V.   Conclusion

Patton's Motion for Reconsideration or, in the Alternative, For Leave to Amend the Complaint [36] is denied. Defendants' Motion to Strike [37] is denied as moot. The remaining claims against Three Unidentified U.S. Marshals are dismissed without prejudice for failure to

---

[4] Having found no merit to Patton's argument, the Court denies Defendants' Motion to Strike [37] this portion of Patton's response as moot.

serve.  Defendants' Motions for Entry of Rule 54(b) Final Judgment [32] [33] are denied as moot, as a separate judgment will be entered in accordance with Rule 58.

**SO ORDERED AND ADJUDGED** this the 4th day of February, 2014.

                                              s/ *Daniel P. Jordan III*
                                              UNITED STATES DISTRICT JUDGE